61 F.3d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kavin Lee PEEPLES, Plaintiff-Appellant,
v.
DEPARTMENT OF REHABILITATION AND CORRECTION, Defendant-Appellee.
 No. 95-3117.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1995.
 
 Before: CONTIE, RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Kavin Lee Peeples, an Ohio pro se prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). The appellee has notified the court that it will not be filing a brief.
 
 
 2
 Seeking injunctive relief, Peeples sued the Ohio Department of Rehabilitation and Correction alleging that it has violated his and other inmates' constitutional rights by exposing nonsmoking inmates to environmental tobacco smoke in their sleeping quarters, thus endangering their health.
 
 
 3
 The district court dismissed Peeples's complaint pursuant to 28 U.S.C. Sec. 1915(d) finding that his Sec. 1983 lawsuit was frivolous. On appeal, Peeples continues to argue the merits of his case.
 
 
 4
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Peeples's Sec. 1983 lawsuit pursuant to Sec. 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous under Sec. 1915(d) only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 5
 Dismissal of the lawsuit by the district court was proper because a state is not a "person" subject to suit under Sec. 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); Wolfel v. Morris, 972 F.2d 712, 718 (6th Cir.1992). Dismissal of Peeples's lawsuit was also proper because, unless expressly waived, a state and its agencies are immune from an action for damages and injunctive relief, and in some cases even declaratory relief, in federal court. See Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468, 472-73 (1987). The state agency being sued by Peeples is the ODRC and it has not expressly waived its Eleventh Amendment immunity.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.